IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GARY HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| SCHNEIDER NATIONAL CARRIERS, INC., | ) | **DEFENDANT DEMANDS** |
| | ) | **TRIAL BY JURY** |
| Defendant. | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant Schneider National Carriers, Inc. ("Schneider"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Circuit Court of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division.  The grounds for removal are as follows:

1.      Plaintiff commenced this action by filing a Complaint against Schneider, on July 23, 2021, in the Circuit Court of St. Clair County, Illinois, and the case was docketed at 21-L-0681.  *Exhibit A.*  Schneider was not served with a copy of the Complaint.

2.      Plaintiff filed a First Amended Complaint on October 4, 2021.  *Exhibit B.* Schneider was served with the First Amended Complaint on October 6, 2021.  *See id.*

3.      Plaintiff alleges that on or about June 25, 2021, he was operating his 2004 Expedition on Interstate 55 in East St. Louis, Illinois, when it was struck by a tractor operated by an employee or agent of Schneider.  *Exhibit B, par. 5-8.*

4.       Plaintiff prayed for judgment against Schneider for "a fair and reasonable sum in excess of fifty thousand dollars ($50,000)."  *Exhibit B, Count I prayer.*

27335823.2

5.      On November 2, 2021, Schneider served a Request for Admission on Plaintiff pursuant to Illinois Supreme Court Rule 216, requesting Plaintiff to admit or deny that "Plaintiff is seeking in excess of $75,000.00 in damages from Schneider."  *Exhibit C, par. 1.*

6.      On November 29, 2021, Plaintiff served a response to the Request for Admission, and stated that he "cannot admit or deny because Plaintiff does not possess sufficient information to admit or deny."  *Exhibit D, par. 1.*

7.      On December 16, 2021, Plaintiff served a supplemental response to the Request for Admission, and stated that "Plaintiff cannot admit or deny because Plaintiff does not possess sufficient information to admit or deny.  Answering further, plaintiff ADMITS that he will seek damages at trial in excess of $50,000 but at this early stage of discovery, it is unknown whether damages sought at trial will exceed $75,000."  *Exhibit E, par. 1.*

8.      Plaintiff was deposed on July 1, 2022.  Plaintiff testified that the injuries sustained during the accident included cuts on his face and head, a concussion, a bulging disc in his neck at the C3-C4 level, and effects to other parts of his body from the bulging disc in his neck.  *Exhibit F, pp. 146:19-150:11, 174:15-175:6.*  Plaintiff testified that a doctor recommended that he have disc replacement surgery.  *Id., pp. 175:11-178:6.*

9.      On July 6, 2022, Plaintiff's counsel sent a settlement demand of $145,000.00.  *Exhibit G.*

10.      Under 28 U.S.C. § 1446(b)(3), "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

11.     Additionally, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).

12.     Here, the case stated by the initial pleading was not removable because the amount in controversy was not met.

13.     Because this action was commenced less than one year ago, and because this Notice of Removal is being filed within 30 days of Plaintiff's deposition and Schneider's receipt of the settlement demand from Plaintiff, from which it could first be ascertained that the case is one which has become removable, this Notice of Removal is timely filed.

14.     As required by 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Schneider in this case are attached hereto as Exhibit H.

15.     Concurrent with the filing of this Notice, Schneider is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the Circuit Court of St. Clair County, Illinois.

16.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 93(a)(1) and 1441(a), because the United States District Court for the Southern District of Illinois, East St. Louis Division, is the federal judicial district and division embracing the Circuit Court of St. Clair County, Illinois, where this action was originally filed.

17.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship), because (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states.  28 U.S.C. § 1332(a).

## DIVERSITY OF CITIZENSHIP

18.     Complete diversity exists between the current parties to this action.

19.     As alleged in the First Amended Complaint, Plaintiff Gary Harper "is a Missouri resident who resides within the city of St. Louis." *Exhibit B, par. 1.*  As such, Plaintiff is a citizen of Missouri for purposes of diversity jurisdiction.

20.     Defendant Schneider is a corporation incorporated in Nevada and has its principal place of business in Wisconsin.  *Exhibit B, par. 2, Affidavit attached as Exhibit I.*  As such, Schneider is a citizen of Nevada and Wisconsin for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

## AMOUNT IN CONTROVERSY

21.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.

22.     Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006).

23.     Section 1446(c)(2) states that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that (A) the notice of removal may assert the amount in controversy if the initial pleading seeks … (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  28 U.S.C. § 1446(c)(2).

24.     This Court has acknowledged that "[t]he Illinois Rules of Civil Procedure prohibit a plaintiff seeking personal injury relief from praying for specific relief.  *See* 735 Ill. Comp. Stat. 5/2-604 (2012) ("In actions for injury to the person, any complaint filed which contains an ad damnum, except to the minimum extent necessary to comply with the circuit rules of assignment

where the claim is filed, shall, on motion of a defendant or on the court's own motion, be dismissed without prejudice."); Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997). This rule frustrates a defendant's ability to determine the amount in controversy solely from the complaint." Anderton v. Wal-Mart Stores, Inc., No. 12-CV-46-DRH, 2012 WL 3526788, at *4 (S.D. Ill. Aug. 15, 2012); *See also* Ill.Sup.Ct.R. 222(b) ("[a]ny civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000."). In accordance with these Illinois practices, the Complaint (*Exhibit A*) and First Amended Complaint (*Exhibit B*) pray for damages in an amount in excess of $50,000.00. (*Exhibit A*).

25.     In instances such as these, "removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (a) if the district court finds, **by the preponderance of the evidence**, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

26.     A defendant who removes a suit in which the complaint lacks an ad damnum must show a "reasonable probability" that the amount in controversy exceeds $75,000. Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 816-17 (7th Cir. 2006). A removing party is not required to show that the plaintiff will prevail or collect more than $75,000, but rather what the plaintiff hopes to get out of the litigation. Id. at 817. If this amount exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold. Id.

27.     As discussed below, the preponderance of the evidence in this matter shows that the amount in controversy exceeds $75,000.

28.    <u>Alleged damages</u>.  In the First Amended Complaint, Plaintiff alleged he has been damaged but then further qualified his damages in responses to Requests for Admissions as follows:

- "Plaintiff Harper was caused to suffer bodily injuries which included, but were not limited to, lacerations to the head and face, and pains throughout the plaintiff's body, including his head, neck, back and extremities." *Exhibit B, Count I, par. 15.*

- "Plaintiff Harper was ultimately harmed in the amount that exceeds fifty thousand dollars ($50,000)…" *Exhibit B, Count I, par. 16.*

- Plaintiff's prayer seeks "a fair and reasonable sum in excess of fifty thousand dollars ($50,000), and in amount to be determined at trial based on the substantial damages caused by defendant upon Plaintiff Harper and resulting in significant pain and suffering, severe bodily injury and other such related damages…" *Exhibit B, Count I prayer for damages.*

- On November 2, 2021, Schneider served a Request for Admission on Plaintiff pursuant to Illinois Supreme Court Rule 216, requesting Plaintiff to admit or deny that "Plaintiff is seeking in excess of $75,000.00 in damages from Schneider." *Exhibit C, par. 1.* On November 29, 2021, Plaintiff served a response to the Request for Admission, and stated that he "cannot admit or deny because Plaintiff does not possess sufficient information to admit or deny." *Exhibit D, par. 1.* This response prevented removal at that time.

- On December 16, 2021, Plaintiff served a supplemental response to the Request for Admission, and stated that "Plaintiff cannot admit or deny because Plaintiff does not possess sufficient information to admit or deny.  Answering further, plaintiff ADMITS that he will seek damages at trial in excess of $50,000 but at this early stage of discovery, it is unknown whether damages sought at trial will exceed $75,000." *Exhibit E, par. 1.*  This supplemental response prevented removal at that time.

29.    <u>Plaintiff's deposition.</u> Plaintiff was deposed on July 1, 2022.  Plaintiff testified that the injuries sustained during the accident included cuts on his face and head, a concussion, a bulging disc in his neck at the C3-C4 level, and effects to other parts of his body from the bulging disc in his neck. *Exhibit F, pp. 146:19-150:11, 174:15-175:6.*  Plaintiff testified that a doctor recommended that he have disc replacement surgery. *Id., pp. 175:11-178:6.*

30.   <u>Settlement demand</u>.  On July 6, 2022, Plaintiff's counsel sent a settlement demand of $145,000.00.  *Exhibit G.*  The amount in controversy requirement is met when discussions between the parties indicate that the plaintiff is seeking more than the jurisdictional amount in damages. *See, e.g.,* <u>Andrews v. E.I. Du Pont De Nemours & Co.</u>, 447 F.3d 510, 515 (7th Cir. 2006) (finding amount in controversy met where plaintiff alleged "severe and permanent" injures and sought damages "in excess of $50,000" for "pain and suffering," and where discussion between parties' counsel indicated that medical and rehabilitation expenses alone would exceed $75,000); <u>Chase v. Shop 'N Save Warehouse Foods, Inc.</u>, 110 F.3d 424, 428 (7th Cir. 1997) (jurisdictional amount met for removal in part because defendant provided evidence that plaintiff had previously made a settlement demand of $120,000); <u>Grinnell Mutual Reinsurance Corp.</u>, 697 F.3d 582, 585 (7th Cir. 2006) (Plaintiff's demand of $250,000 demonstrated that plaintiff was seeking in excess of the jurisdictional amount in controversy); <u>Rising-Moore v. Red Roof Inns, Inc.</u>, 435 F.3d 813 (7th Cir. 2006) (Plaintiff's counsel's pre-offer estimate of the case value of $180,000 to $200,000 properly considered in determining that the jurisdictional amount in controversy had been met).  Counsel for Plaintiff has demanded $145,000 to settle this matter. *Exhibit G.*

31.   <u>Summary</u>.  The settlement demand of $145,000 on July 6, 2022 as supported by plaintiff's deposition testimony on July 1, 2022 establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

32.   Plaintiff's allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement.  For example, in <u>Gebbia v. Wal-Mart Stores</u>, 233 F.3d 880, 881 (5th Cir. 2000), the Fifth Circuit found that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of

enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional amount.  *See also* Kancewick v. Howard, 2008 WL 4542970, at *3 (N.D.Ill. Apr. 3, 2008) (concluding that the amount in controversy requirement was met based on the circumstances of the accident and the "severe and permanent" injuries plaintiff suffered, despite the prayer for judgment "not to exceed $50,000.00"); Demery v. Tran, 2018 WL 5631266, at *1-2 (S.D.Ill. Oct. 31, 2018) (notice of removal contained plausible allegation that amount in controversy exceeded jurisdictional amount where plaintiff requested in excess of $50,000 in his complaint and made a settlement demand of $135,000, despite plaintiff's counsel's post-removal affidavit he was seeking less than $75,000); Hobson v. Sav-a-Lot Food Stores, Ltd., 2017 WL 3670165, at *2 (S.D.Ill. Aug. 25, 2017) (the minimum amount-in-controversy existed at time of removal through evidence of settlement demand of $100,000); Willyard v. Wal-mart Stores, Inc., 2009 WL 3816820, at *3-4 (S.D.Ill. Nov. 13, 2009) (plaintiff's allegations in complaint with post-complaint settlement demand of $90,000 sufficient to establish amount-in-controversy).

33.     Finally, Plaintiff did not stipulate in his Complaint that he will not seek, demand, or accept a recovery in excess of $75,000 to avoid diversity jurisdiction.  As such, it is reasonable to infer that his claim seeks damages in excess of the jurisdictional amount. Workman v. United Parcel Serv., Inc., 234 F.3d 998, 1000 (7th Cir. 2000) (noting that plaintiff can avoid removal "simply by stipulating that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 ... at the time suit is filed" and that an inference arises that plaintiff thinks the claim is worth more by not making such stipulation).  This Court has stated "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case … later filings [are] irrelevant.  ...

Thus, if the plaintiff does not stipulate to damages of $ 75,000 or less, the inference arises that he thinks his claim may be worth more."  Anderton v. Wal-Mart Stores, Inc., No. 12-CV-46-DRH, 2012 WL 3526788, at *4 (S.D. Ill. Aug. 15, 2012) (internal quotation marks omitted).  No such stipulation has been made in the current case.

**CONCLUSION**

34.     Because both of the requirements for federal diversity jurisdiction are satisfied, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

35.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Circuit Court of St. Clair County, Illinois.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division.

DATED:  July 19, 2022                    Respectfully submitted,

**DEFENDANT DEMANDS
TRIAL BY JURY**              s/ Kurt. E. Reitz_____
                                          Kurt E. Reitz, #6187793 (Lead Counsel)
                                          Misty L. Edwards, #6301620
                                          525 West Main Street
                                          Suite 300
                                          Belleville, Illinois  62220
                                          618-277-4700
                                          FAX 618-236-3434
                                          kreitz@thompsoncoburn.com
                                          medwards@thompsoncoburn.com

                                          Attorney for Defendant

OF COUNSEL:
THOMPSON COBURN LLP

**<u>Certificate of Service</u>**

I hereby certify that on July 19, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

s/Kurt E. Reitz _____