Electronically Filed
Kahalah A. Clay
Circuit Clerk
Nora McDaniel
21L0681
St. Clair County
7/23/2021 10:07 AM
14160050

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| GARY HARPER<br><br>               Plaintiff,<br><br>v.<br><br>SCHNEIDER NATIONAL CARRIERS INC.<br>    Serve at:<br>    Registered Agent:<br>    CT CORPORATION SYSTEM<br>    208 South Lasalle Street – Ste 814<br>    Chicago, IL 60604<br>               Defendant. | Cause Number: 21L0681<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff Gary Harper, by and through his counsel of record, COLLINS LAW FIRM LLC, and for his cause of action against Defendant, demands a trial by jury and states, alleges and avers to the Court as follows:

**THE PARTIES**

1. Plaintiff Gary Harper is a Missouri resident who resides within the city of St. Louis, Missouri.

2. Defendant Schneider National Carriers Inc. is an interstate trucking company whose headquarters is Green Bay, Wisconsin and that conducts business within, and operates infrastructure within, the state of Illinois.

3. Defendant Schneider National Carriers Inc. was operating a 2020 Freightliner tractor ("the tractor"), driven by its employee and/or agent Nathan Narcisse, within St. Clair County, Illinois on the date and times relevant to this complaint.

1

**EXHIBIT A**

## JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in that the collision occurred in East St. Louis, Illinois, situated within St. Clair County, Illinois and the plaintiff was first injured within St. Clair County, Illinois.

## GENERAL ALLEGATIONS

5. On or about June 25, 2021, the plaintiff was operating his 2004 Ford Expedition on Interstate 55 in East St. Louis, Illinois.

6. Defendant, by and through its employees and/or agents, was operating a 2020 Freightliner tractor, VIN# 3AKJHHDR2LSKB5010, at the same place and time as the plaintiff at the time of the collision.

7. At all times before and during the collision, Plaintiff Harper was operating his SUV safely, properly and prudently, given the current driving conditions on the interstate.

8. While the plaintiff was in command of, and operating his SUV on Interstate 55 around mile marker .5, the defendant collided with the plaintiff's SUV, as is evidenced by the Illinois Traffic Crash Report, which noted damage to the rear of the plaintiff's bumper and the front of the defendant's bumper, thus evidencing that the front of the defendant's tractor collided with the rear of the plaintiff's SUV. See Exhibit 1.

9. After the collision, the plaintiff's SUV was forced into a median barrier, causing the plaintiff's SUV to collide violently with the median barrier, and causing the plaintiff to suffer severe injuries, including lacerations to the head and face, a diagnosed concussion, and pains through the plaintiff's body, including his head, neck, back and extremities.

2

### Count I – Negligence

**COMES NOW** Plaintiff, and for Count I of his cause of action against Defendant, states, alleges and avers to the Court as follows:

10. Plaintiffs hereby realleges and incorporates by this reference each and every allegation contained in Paragraph 1 through 9 as though fully set forth herein.

11. On or about June 25, 2021, the plaintiff was in command of his SUV and the defendant, including by and through its employee, agent and/or servant driver, was in operation of its tractor at the same place and time on I-55 in St. Clair County, Illinois

12. Defendant Schneider, by and through its employees, agents, and/or servants, failed, among other things, to properly maintain the safe and lawful following distance and lookout, given that the vehicles were operating on a multilane interstate roadway in the vicinity of a lane merging area.

13. More specifically, the defendant failed to operate its tractor in a careful and prudent manner by failing to exercise the appropriate degree of care that was required of it under the interstate highway driving conditions, and the defendant was therefore negligent, careless, and reckless, by, among other things:

   a. Failing to maintain a safe and following distance behind other motorists, the plaintiff included;

   b. Failing to keep a proper and safe lookout;

   c. Failing to keep its tractor under proper control;

   d. Directly causing the defendant's tractor to collide with the plaintiff's SUV;

3

e. Directly causing the plaintiff's SUV to strike a median barrier, causing severe bodily injuries and other such harm to the plaintiff;

f. Failing to exercise the appropriate degree of care required for the defendant's safety and for the safety of others using the roadway, Plaintiff included, as is required by law;

g. All other acts of negligence discovered throughout the course of the litigation.

14. Defendant Schneider, including by and through its employee, agent and/or servant driver, negligently operated its tractor, as the corporation among other things, failed to keep the tractor under proper control and failed to prevent the tractor from colliding with Plaintiff Harper's SUV.

15. As a direct and proximate result of Defendant Schneider's negligence, including by and through its employee, agent and/or servant driver's failure to maintain proper following distance and failure to keep a careful and proper lookout, Plaintiff Harper's SUV was impacted by the tractor, causing the plaintiff's SUV to leave the roadway and impact a median barrier. Plaintiff Harper was caused to suffer substantial bodily injuries which included, but were not limited to, lacerations to the head and face, a diagnosed concussion, and pains throughout the plaintiff's body, including his head, neck, back and extremities.

16. As a direct and proximate result of the Defendant's negligence, Plaintiff Harper was ultimately harmed in the amount that exceeds fifty thousand dollars ($50,000), and Plaintiff Harper is entitled to full compensation in that amount which a jury finds to be the fair and reasonable sum given the Plaintiff's suffered damages from the collision at issue in the instant matter.

WHEREFORE, Plaintiff prays this Court enters judgment in his favor and against Defendant Schneider for the damages and losses sustained by Plaintiff Harper in a fair and reasonable sum in excess of fifty thousand dollars ($50,000), and in an amount to be determined at trial based on the substantial damages caused by defendant upon Plaintiff Harper and resulting in significant pain and suffering, severe bodily injury and other such related damages, and that the Court grant such other and further relief as this Court deems just and proper.

### Count II- Negligence Per Se

**COMES NOW** Plaintiff Harper, and for Count II of his cause of action against Defendant Schneider, states, alleges and avers to the Court as follows:

17. Plaintiff hereby realleges and incorporates by this reference each and every allegation contained in Paragraph 1 through 16 as though fully set forth herein.

18. Plaintiff Harper brings this Count against Defendant Schneider for negligence per se because the defendant, including by and through its employee, agent or servant driver, violated Illinois statutory law that expressly proscribed the corporation from operating a tractor in the manner that it did at the time of the motor vehicle accident with Plaintiff Harper's SUV on Interstate 55 on or about June 25, 2021.

19. At all times relevant, the defendant violated 25 ILCS 5/11-601 (or the "Section") which, under subpart (a) prescribes that:

> *No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property.*

20. The Section requires drivers of motor vehicles, Defendant Schneider's employees and agents included, to operate such equipment at a speed appropriate to allow

5

for a safe following distance, and to allow for a proper lookout, so as to ensure the avoidance of collision with fellow motorists.

21. Under the applicable Section, Defendant Schneider's employees and agents were required to operate the tractor at a sufficiently safe speed, and at a sufficiently great following distance for other motorists to ensure that his tractor was being controlled with the appropriate degree of care including as it involved lane conditions on the I-55 bridge and any upcoming merging and/or required lane changes by motorists.

22. The Section and its applicable statutes and regulations are in effect to protect other drivers, and to ensure their safety and safe treatment at all times these motorists make use of Illinois' public roadways, Plaintiff Harper included.

23. At all times relevant, Plaintiff Harper was a member of the class of persons that the Section was intended to protect, and whose injuries these statutes and regulations were designed and intended to prevent.

24. At all times relevant, Defendant Schneider violated 625 ILCS 5/11-710 (or "Section 11-710") which, under subpart (a) prescribes that:

> *The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway*

25. 625 ILCS 5/11-710 requires drivers of motor vehicles, the defendant's employees and agents included, to operate such equipment at a following distance that safely allows for collision avoidance given the appropriate speed of travel, traffic conditions, and/or other related driving conditions.

6

26. Under 625 ILCS 5/11-710, Defendant Schneider was bound to operate its tractor, including by and through its employee and/or agent driver, at a sufficiently great following distance from other motorists, particularly factoring into account the bridge and lane conditions on I-55 to ensure that the tractor was being controlled with the appropriate degree of care so as to avoid causing a collision with Plaintiff Harper's SUV.

27. 25 ILCS 5/11-601 and 625 ILCS 5/11-710 (collectively "the Sections") and any other applicable statutes and regulations are in effect to protect other drivers, and to ensure their safety and safe treatment at all times these motorists make use of Illinois public roadways, Plaintiff Harper included.

28. At all times relevant, Plaintiff Harper was a member of the class of persons that the Sections were intended to protect, and whose injuries these statutes and regulations were designed and intended to prevent.

29. Defendant Schneider, including by and through its employee and/or agent driver, was negligent per se in that the corporation directly violated the above cited Sections

30. As a direct and proximate cause of the defendant's per se negligence, Plaintiff Harper was injured and he suffered substantial harm and damages that persist to this day, including some such injuries of which are likely to persist permanently.

31. As a direct and proximate cause of the defendant's per se negligence, Plaintiff Harper has suffered severe injuries and other financial harm, the damages of which are ascertainable and recoverable under Illinois law and are in an amount that exceeds fifty thousand dollars ($50,000).

7

**WHEREFORE**, Plaintiff prays this Court enters judgment in his favor and against Defendant Schneider for the damages and losses sustained by Plaintiff Harper in a fair and reasonable sum in excess of fifty thousand dollars ($50,000), and in an amount to be determined at trial based on the substantial damages caused by defendant upon Plaintiff Harper and resulting in significant pain and suffering, severe bodily injury and other such related damages, and that the Court grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**COLLINS LAW FIRM LLC**

By: /s/ Justin Collins
Justin A. Collins MO IL #6334749
13321 North Outer Forty Rd.
Ste 800
Town & Country, MO 63017
Telephone: (314) 370-9393
E-Mail: justin@collinslawclf.com

8

Exh 1

# ILLINOIS TRAFFIC CRASH REPORT

| DRAC | BCO | TRFC | WEAT | DRVA | VIS | VEHD | LOCI | COLL | MANS |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 1 | 4 12 | 1 1 |

**INVESTIGATING AGENCY:** ISP
**AGENCY CRASH REPORT NO:** 2021 11-21-01680

**HIGHWAY/STREET NAME:** I-55
**MP 0.5**
**TOWNSHIP:** E ST LOUIS TWP
**COUNTY:** ST. CLAIR
**DATE OF CRASH:** 6/25/2021
**TIME:** 12:30 PM
**NO. OF MOTOR VEHICLES INVOLVED:** 2

## Unit 1
**Driver:** HARPER, GARY T
**Make/Model:** FORD - FORD EXPLORER
**Year:** 2004
**SEX:** M **SAFE:** 3 **AIR:** 4
**STATE:** MO **YEAR:** 2018
**VIN:** 1FMPU18L14LA10
**INSURANCE CO:** N/A
**EMS AGENCY:** ST. LOUIS FIRE DEPARTMENT
**TAKEN TO:** SAINT LOUIS UNIVERSTIY
**VEHICLE OWNER:** HARPER, GARY T

## Unit 2
**Driver:** NARCISSE, NATHAN P
**Make/Model:** FRHT TRUCK
**Year:** 2020
**SEX:** M **SAFE:** 2 **AIR:** 4
**STATE:** IN **YEAR:** 2021
**VIN:** 3AKJHHDR2LSKB5010
**INSURANCE CO:** SCHNEIDER NATIONAL CARRIERS I
**VEHICLE OWNER:** SCHNEIER NATIONAL, CARRIERS INC
**POLICY NO:** MWTT31455721

## Passengers & Witnesses

| UNIT | SEAT | DOB | SEX | SAFE | AIR | EJECT | INJ | NAME | EMS | HOSPITAL |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 3 | | M | 2 | 4 | B | 1 | WILLLIAMS, KALVIN T | ST LOUIS FIRE DEPARTMENT | SAINT LOUIS UNIVERSITY |
| 1 | 6 | | F | 2 | 4 | C | 1 | WILLIAMS, CHARLETTE | ST LOUIS FIRE DEPARTMENT | SAINT LOUIS UNIVERSITY |
| 1 | 4 | | F | 2 | 4 | C | 1 | SMOOT, KIMBERLY G | ST LOUIS FIRE DEPARTMENT | SAINT LOUIS UNIVERSITY HOSPITAL |
| W | - | | M | - | - | - | - | ROBINSON, JAMES M | | |

## Unit 1
| | | |
|---|---|---|
| 11 | 1 | |
| 24 | 2 | |
**PRIMARY CAUSE:** 10 **SECONDARY CAUSE:** 20
**ARREST NAME:** HARPER, GARY T
**SECTION:** 3-707(A) **CITATION NO:** 0362500376 **6/25/2021 12:35**
**ARREST NAME:** HARPER, GARY T
**SECTION:** 12-603.1 **CITATION NO:** 0362500377 **6/25/2021 01:18**

## Unit 2
| | | |
|---|---|---|
| 11 | 1 | |

**OFFICER ID:** 6996
**NAME:** M BELL
**BEAT:** 11
**SUPERVISOR ID:** D WATTS, 5890
**08/20/21 08:30**



## NARRATIVE (Refer to vehicle by Unit No.)

Units 1 and 2 were traveling westbound on I-55 near mile post .5. Unit 1 was traveling in lane 3. Unit 2 was traveling in lane 2. The rear driver's side tire of Unit 1 blew out, causing Unit 1 to lose control. While trying to maintain control of Unit 1, Unit 1 side swiped the front passenger side bumper of Unit 2 with its driver side rear bumper area. After contact with Unit 2, Unit 1 lost control and crossed over from lane 3 to lane 1. That is when Unit 1 crashed into the concrete barrier wall. Unit 1 became disabled in the lane of traffic. The occupants of Unit 1 sustained injuries and were all transported to SLU Hospital by St. Louis Fire Department Ambulance. Act Now Towing then towed Unit 1 (T11-21-1940). Unit 2 was still drivable and did not require a tow. A witness advised he heard a loud pop and then saw Unit 1 lose control cutting across all lanes of traffic and slamming into the concrete barrier.

**LARGE TRUCK, BUS, OR HM VEHICLE**

CARRIER NAME: **SCHNEIDER NATIONAL CARRIERS INC**
ADDRESS: **7101 W 17TH AVE**
CITY/STATE/ZIP: **GARY / IN / 46406**
USDOT NO. **264184**

Report No.: **IL4036250052**

TRAILER LENGTH: **53**
NO. OF AXLES: **5**
VEHICLE CONFIGURATION: **6**
CARGO BODY TYPE: **2**    LOAD TYPE: **5**

**LOCAL USE ONLY**

Color: GRAY / GRAY
Damage Extent: 3 — Towed by: **ACT NOW Towing and Auto Repair**
Damage Extent: 1